IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEANE CAROL STAAB, )
                 )
    Plaintiff, )
                 )
 -vs- )  Civil Action No. 15-176
                 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
                 )
    Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

  Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 17). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 18). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 15) and denying Defendant's Motion for Summary Judgment. (ECF No. 17).

## **I.**  **BACKGROUND**

  Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since June 14, 2007. (ECF No. 8-6, p. 6). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on June 18, 2013. (ECF No. 8-2, pp. 26-59). On July 12, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-20).

  After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 15 and 17).[1] The issues are now ripe for review.

---

[1] Plaintiff does not challenge the ALJ's findings with regard to her mental limitations. As a result, this opinion is limited to a discussion of the alleged errors regarding her physical impairments.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")[2]

Plaintiff asserts no physician opined that she could physically perform at a level consistent with the ALJ's RFC assessment.[3] (ECF No. 16, pp. 16-21). To that end, Plaintiff submits that the ALJ "elevated his own lay credibility analysis and lay speculation above and beyond the uncontradicted medical opinion evidence from Dr. Razzak, [Plaintiff's] treating pain management specialist." (ECF No. 16, p. 16). Essentially, Plaintiff is arguing that the ALJ erred in rejecting the opinion of Dr. Razzak and, in doing so, was left with no medical opinion evidence upon which

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found that Plaintiff has the RFC "to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with the following limitations: The claimant cannot work in temperature extremes [and] The claimant is limited to routine, repetitive tasks with only occasional interaction with the public, co-workers and supervisors." (ECF No. 8-2, p. 4).

3

to base Plaintiff's physical RFC. *Id.* at pp. 16-21. Therefore, according to Plaintiff, remand is necessary. After a review of the record, I agree.

The ALJ states that his RFC "is supported by the medical record, the assessments of Dr. Croyle and Dr. Brentzel and the credibility analysis." (ECF No. 8-2, p. 18). Drs. Croyle and Brentzel are psychologists. As I referenced in an earlier footnote, Plaintiff's mental RFC is not at issue. With regard to Plaitniff's physical abilities, the ALJ afforded "little weight" to the opinion of Dr. Razzak. There is no other opinion evidence of record regarding Plaintiff's physical functional abilities upon which the ALJ could have relied upon in forming the physical RFC for Plaintiff. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). After a review of the record, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis. [4]

---

[4] Plaintiff additionally argues that the ALJ erred in giving Dr. Razzak's opinion little weight. (ECF No. 16, pp. 17-21). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). "It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citation omitted).
   In this case, the ALJ rejected the opinion of Dr. Razzak based solely on his own interpretation of the relevant treatment notes and without reference to countervailing medical evidence. *See,* (ECF No. 8-2, p. 18). In opposition, Defendant attempts to argue that the ALJ's opinion giving little weight to the opinion of Dr. Razzak is supported by contrary medical evidence. (ECF No. 18, pp. 7-11). The reasons set forth by Defendant were not relied upon by the ALJ. *Id.* The review of an administrative order must be judged upon those bases set forth and disclosed in that order. *Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d

Plaintiff also submits that the ALJ erred in assessing her credibility. (ECF No. 16, pp. 20-21). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. Since I have found that remand is warranted regarding the opinion of Dr. Razzak, I am instructing the ALJ to reconsider the issue of Plaintiff's credibility on remand as well.

An appropriate order shall follow.

---

Cir. 2001). Thus, to consider post hoc rationalizations not listed by the ALJ runs contrary to the law. *Id.* Therefore, even if I was not remanding for the reasons set forth above, I would remand this case as it relates to the ALJ's evaluation of Dr. Razzak's opinion since the ALJ did not cite to other contrary medical evidence of record.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEANE CAROL STAAB,           )
                             )
         Plaintiff,          )
                             )
   -vs-                      )    Civil Action No.  15-176
                             )
CAROLYN W. COLVIN,           )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
         Defendant.          )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 4th day of February, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 15) is granted and Defendant's Motion for Summary Judgment (Docket No. 17) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                  BY THE COURT:

                                  s/  Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge